Alecia W. Winfield, Bar No. 209661
awinfield@littler.com
LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, California  90067.3107
Telephone: 310.553.0308
Fax No.:   310.553.5583

Attorney for Defendant
MARRIOTT INTERNATIONAL, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SAYOM McINTOSH, an individual, and STEVE McINTOSH, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MARRIOTT INTERNATIONAL, INC., and DOES 1-10, inclusive,<br><br>Defendant. | Case No.  21CV02478<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441, AND 1446**<br><br>[28 U.S.C. §§ 1332, 1441 and 1446]<br><br>Complaint Filed:   June 22, 2021 |

4816-3634-0223.1 / 063783-1070

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

TO THE CLERK OF THE FEDERAL DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFFS, AND THEIR ATTORNEY OF RECORD, PLEASE TAKE NOTICE that Defendant MARRIOTT INTERNATIONAL, INC. ("Defendant" or "Marriott") hereby removes the below referenced action from the Superior Court in the State of California for the County of Santa Barbara ("State Court") to the United States District Court for the Central District of California, Western Division. This removal is based on 28 U.S.C. sections 1332, 1441, and 1446. In support of this Notice of Removal, Defendant states the following:

## I. STATEMENT OF JURISDICTION AND VENUE

1. This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. section 1332(a), and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as set forth below. 28 U.S.C. sections 1332, 1441(a), and 1446(b).

2. This action was filed in the Superior Court for the State of California for the County of Santa Barbara. Accordingly, venue properly lies in the United States District Court for the Central District of California (Western Division) pursuant to 28 U.S.C. sections 84(c)(2), 1391, 1441 and 1446.

## II. STATUS OF PLEADINGS

3. On June 22, 2021, Plaintiffs Sayom McIntosh and Steve McIntosh ("Plaintiffs") filed a Complaint in State Court entitled Sayom McIntosh and Steve McIntosh v. Marriot International, Inc. and DOES 1-10, inclusive, designated as Superior Court Case No. 21CV02478 ("Complaint"). True and correct copies of the Summons and Complaint, Order and Notice of Case Assignment; Notice of Case Management Conference; and Santa Barbara County Superior Court Judge Colleen Sterne Department SB 5 Instructions for Hearing Scheduled – October 2021 are

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

4816-3634-0223.1 / 063783-1070

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

attached hereto as **Exhibits** ("Exh.") **A, B, C** and **D** to the Declaration of Alecia W. Winfield In Support of Defendant's Notice of Removal ("Winfield Decl.") filed concurrently herewith.

4. The Complaint asserts the following claims for relief: (1) Discrimination based on race in violation of the Unruh Civil Rights Act; and (2) Intentional Infliction of Emotional Distress. *See Id.*

5. On July 20, 2021, Plaintiff served the Summons, Complaint, and accompanying case documents, including the Notice of Case Assignment and Notice of Case Management Conference on C T Corporation System, Marriott's agent for service of process.

6. On or about July 23, 2021, Plaintiff filed a Proof of Service of the Complaint. Attached as **Exh. E** to the Winfield Decl. is a true and correct copy of the Proof of Service filed with the State Court.

7. On September 3, 2021, Defendant filed an Answer in the State Court Action, generally denying Plaintiffs' claims of wrongdoing and asserting affirmative defenses. Attached as **Exh. F** to the Winfield Decl. is a true and correct copy of Defendant's Answer filed with the State Court.

8. On October 8, 2021, Plaintiffs filed a Case Management Statement. Attached as **Exh. G** to the Winfield Decl. is a true and correct copy of Plaintiffs' Case Management Statement.

9. On September 3, 2021, Defendant served a Request for Statement of Damages on Plaintiffs under California Code of Civil Procedure section 425.11. On September 17, 2021, Plaintiffs served Defendant with their Statement of Damages, setting forth alleged damages of $1,200,332.80. True and correct copies of the aforementioned documents are attached to the Winfield Decl. as **Exhibit H.**

10. The documents attached as Exhibits A through H to the Winfield Decl. constitute all the process, pleadings, or orders related to this case that were filed and/or served upon Defendant or filed or received in the State Court Action. To

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

4816-3634-0223.1 / 063783-1070

3

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in Santa Barbara County Superior Court. The attachments thereby satisfy the requirements of 28 U.S.C. § 1446(a).

11. Defendant is informed and believes that as of the date of this Notice of Removal, no other parties have been named or served with the Summons and Complaint in this action. Because the Doe defendants have not yet been served, they need not join nor consent to Defendant's Notice of Removal. *Cmty. Bldg. Co. v. Md. Cas. Co.* 8 F.2d 678, 678-79 (9th Cir. 1925) (holding named defendants not yet served in state court action need not join in the notice of removal).

### III. DEFENDANTS' REMOVAL IS TIMELY

12. This Notice of Removal is timely. Under 28 U.S.C. § 1446(b)(3), the notice of removal of a civil action must be filed within thirty (30) days after service of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.

13. Plaintiffs' Complaint does not contain the amount in controversy sought by Plaintiff by way of this lawsuit. (Winfield Decl. ¶ 4, **Exh. A.**) Therefore, Defendant served on Plaintiff a Request for Statement of Damages, seeking to ascertain the amount in controversy in this matter. (Winfield Decl., ¶ 8, **Exh. H.**) On September 17, 2021, Plaintiffs served Defendant with a Statement of Damages, setting forth alleged damages of $1,200,332.80. *Id.*

14. In accordance with 28 U.S.C. § 1446(b)(3), this Notice of Removal was filed and served within 30 days after the initial receipt by Defendant of a Statement of Damages from Plaintiff, constituting an "other paper" from which it was first ascertainable that this case is one which is and has become removable, in turn, making this removal timely.

### IV. DIVERSITY OF CITIZENSHIP

15. This Court has original jurisdiction over this action under the diversity of citizenship statute. *See* 28 U.S.C. § 1332(a). The diversity statute grants district

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

4816-3634-0223.1 / 063783-1070

4

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. As set forth below, this case meets all of the diversity statute's requirements for removal. *See* 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446.

16. "Any civil action" commenced in state court is removable if it might have been brought originally in federal court. *See* 28 U.S.C. § 1441(a). Any case that could have been commenced in federal court based on diversity of citizenship can be removed from state court on this ground. *See* 28 U.S.C. § 1441(b). In order to remove a case to federal court on diversity grounds, two basic elements must be satisfied: (1) complete diversity must exist between the parties, i.e., Plaintiffs and Marriott must be "citizens" of different states; and (2) the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332.

17. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 and which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(a) based on the existence of complete diversity of citizenship between the real parties to this action and on the fact that the amount in controversy exceeds $75,000, as set forth below.

### A. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS.

#### 1. Plaintiffs are Domiciled in Washington or California.

18. For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *See* 28 U.S.C. § 1332(a)(1); *see also Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that a person's domicile is the place he resides with the intention to remain); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (residence is prima facie evidence of domicile for purposes of determining citizenship); *see also Id.* at 519-20 (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise").

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

4816-3634-0223.1 / 063783-1070

5

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

19. At the time Plaintiff commenced this action and at the time of removal, Plaintiffs were citizens of the State of Washington or California. The Complaint states that Plaintiffs are residents of the State of Washington. Complaint, ¶2. Furthermore, a public records search indicates that Plaintiffs live in Santa Clarita, California in the Los Angeles County. Winfield Decl., ¶ 11; *see also, Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency can create a rebuttable presumption of domicile supporting diversity of citizenship). Plaintiffs are therefore citizens of Washington or California.

### 2. Marriott International, Inc. Is A Delaware Corporation With Its Principal Place Of Business In Bethesda, Maryland.

20. For purposes of 28 U.S.C. § 1332, a corporation is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. *See*, 28 U.S.C. § 1332(c)(1). As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010), "the phrase 'principal place of business' in § 1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities, i.e., its 'nerve center,' which will typically be found at its corporate headquarters."

21. Marriott International, Inc. is incorporated in Delaware with its principal place of business in Maryland, authorized to transact business in California. Marriott was, at the time of the filing of this action and the instant removal, a citizen of the state of Maryland because it was incorporated and continues to be incorporated under its laws. Declaration of Carol Frensilli ("Frensilli Decl." ¶ 2). Marriott's corporate headquarters and principal place of business, i.e., the "nerve center" is located in Bethesda, Maryland. (Frensilli Decl. ¶ 3). While Marriott conducts business in California, Marriott is not incorporated under the laws of the State of California and its principal place of business is not in California. Thus, Marriott is not a citizen of California.

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

4816-3634-0223.1 / 063783-1070

6

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

22. Defendants Does 1 through 10 are fictitious. The Complaint does not set forth the identity or status of any said fictitious defendants, nor does it set forth any charging allegation against any fictitious defendants. Pursuant to section 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

23. As set forth above, Plaintiffs are citizens of Washington or California, and Defendant is a Delaware corporation and a citizen of Maryland. Accordingly, the complete diversity requirement of 28 U.S.C. § 1332(a) is satisfied.

**B.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.**

24. This Court has jurisdiction over this case because the amount placed in controversy by Plaintiffs' alleged claims exceeds $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a)

25. Although the Complaint does not allege a specific amount in controversy, it can be ascertained that the amount in controversy in this action does, in fact, exceed $75,000.00, exclusive of interest and costs. Where a Complaint is silent as to the amount in controversy, a defendant can establish the amount in controversy by the allegations in a complaint, or by setting forth facts in the notice of removal that demonstrate that the amount in controversy "more likely than not" exceeds $75,000.00. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Guas v. Miles, Inc.*, 980 F. 2d 564, 567 (9th Cir. 1992). A removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

26. In *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997), the Ninth Circuit reiterated that for purposes of the amount in controversy, the "sum claimed by the plaintiff controls if the claim is apparently made in good faith."

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

4816-3634-0223.1 / 063783-1070

7

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

Stated differently, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Id.* at 375.  The defendant in *Singer* contended that the plaintiff's counsel's judicial admission that the damages sought exceeded the court's jurisdictional prerequisite sufficed for purposes of establishing the amount in controversy.  *Id.*  In agreeing with the defendant, the court reasoned that "[i]n a removed case, unlike a case instituted in federal court, the plaintiff chose a state rather than federal forum." *Id.*  Because the plaintiff instituted the case in state court, "there is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end." *Id.* (internal citations omitted).  The policy underlying this judicial deference "is that a plaintiff's ad damnum exceeding $50,000 [now $75,000] causes him to lose his selected forum[.]" *See also Bashir v. Boeing Co.*, 245 Fed.Appx. 574, 575 (9th Cir. 2007) (amount in controversy requirement for diversity jurisdiction was satisfied when plaintiff's answers to interrogatories claimed over $200,000 in damages).

27. Consistent with these principles, this and other courts have held on multiple occasions that a Statement of Damages claiming damages over $75,000 was sufficient to satisfy the amount in controversy requirement.  *See Wheeler v. United Fin. Cas. Co.*, 2016 WL 6781612, at *2 (E.D. Cal. Nov. 16, 2016) (amount in controversy satisfied where plaintiff tendered a Statement of Damages claiming $5,350,000 in damages, despite the fact Plaintiff later offered to settle for $65,000); *Ortiz v. Sodexho, Inc.*, 2011 WL 3204842, at *2 fn 1 (S.C. Cal. July 26, 2011) (amount in controversy satisfied when Plaintiff submitted its Statement of Damages for over $1,000,000); *Zubair v. L'Oreal USA, Inc.*, 2019 WL 2925074, at *1 (E.D. Cal. July 23, 2010) (amount in controversy satisfied where Plaintiff submitted Statement of Damages and answers to Interrogatories stating the amount of damages sought exceeded $75,000).

28. Here, Plaintiffs' counsel has tendered a Statement of Damages seeking $1,200,332.80 in damages by way of this lawsuit. (Winfield Decl. ¶ 8, **Exh. H.**) Plaintiffs' Complaint seeks special damages, general damages, civil penalties, restitution, injunctive relief, attorney's fees, and punitive damages. (Compl., ¶¶ 24, 30, 33, 35 and Prayer for Relief, ¶ 1-7), but does not include the facts necessary to approximate the amount of damages sought. While the Complaint is silent as to the amount in controversy, it becomes apparent that Plaintiffs are seeking in excess of $75,000 only when the allegations contained therein are viewed in connection with the Statement of Damages served by Plaintiff. Plaintiffs' Statement of Damages states that Plaintiffs are each seeking damages as follows: $100,000 for pain, suffering and inconvenience; $100,000 for emotional distress; $150,000 for attorney's fees; $166.40 for cost of traveling to/from and securing alternate accommodations; and $250,000 in punitive damages. (Winfield Decl. ¶ 8, **Exh. H.**) Plaintiffs' Statement of Damages constitutes just such an *ad damnum* like that presented in *Singer*, upon which this Court can and should rely in finding that the amount in controversy requirement has been met.

29. As Plaintiffs' seek $1,200,332.80 in damages, as set forth in their Statement of Damages which constitutes "other paper" pursuant to 28 U.S.C. § 1446(b)(3) that this Court may consider and by which Plaintiff should be bound, the amount in controversy exceeds $75,000. As the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the Parties, this case is properly removed to this court.

## V. NOTICE TO STATE COURT AND PLAINTIFF

30. As required by 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiffs' counsel of record, and a copy of the Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the County of Santa Barbara, California.

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

4816-3634-0223.1 / 063783-1070

9

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

WHEREFORE, pursuant to 28 U.S.C. § 1332, 1441 and 1446, Defendant respectfully petitions the removal of this case from the Superior Court of the State of California for the County of Santa Barbara to the United States District Court for the Central District of California.

Dated: October 15, 2021

LITTLER MENDELSON P.C.

*/s/ Alecia W. Winfield*
Alecia W. Winfield

Attorneys for Defendant
MARRIOTT INTERNATIONAL, INC.

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

4816-3634-0223.1 / 063783-1070

10

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION