# Exhibit A

DocuSign Envelope ID: 1D34F2C1-3775-4602-9196-C8799E9AE09A
Case 2:21-cv-08195-SB-PVC Document 1-3 Filed 10/15/21 Page 2 of 9 Page ID #:18

JUL 20 2021

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MARRIOTT INTERNATIONAL, INC., and DOES 1-10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SAYOM McINTOSH, an individual, and STEVE McINTOSH, an individual,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
6/22/2021 3:43 PM
By: Elizabeth Spann, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of California, County of Santa Barbara, Anacapa Division, 1100 Anacapa Street, Santa Barbara, CA 93121 | CASE NUMBER: *(Número del Caso):*<br>21CV02478 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Waukeen McCoy(SBN: 168228), McCoy Law Firm, P.C., 111 Maiden Lane, 6th Floor, San Francisco, CA 94108, (415) 675-7705

| DATE:<br>*(Fecha)* 6/22/2021 | Clerk, by<br>*(Secretario)* /s/ Elizabeth Spann | , Deputy<br>*(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Marriot International, Inc
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*: JUL 20 2021

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courts.ca.gov |

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[Print this form] [Save this form] [Clear this form]

WAUKEEN Q. McCOY, ESQ. (SBN: 168228)
MCCOY LAW FIRM, P.C.
111 Maiden Lane, 6th Floor
San Francisco, California 94108
Telephone: (415) 675-7705
Facsimile: (415) 675-2530
E-mail: mail@mccoyslaw.com

Attorney for Plaintiffs,
SAYOM McINTOSH and
STEVE McINTOSH

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
6/22/2021 3:43 PM
By: Elizabeth Spann, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SANTA BARBARA

| | |
|---|---|
| SAYOM McINTOSH, an individual, and STEVE McINTOSH, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> MARRIOTT INTERNATIONAL, INC., and DOES 1-10, inclusive, <br><br> Defendants. | Case No. 21CV02478 <br><br> UNLIMITED JURISDICTION <br><br> **COMPLAINT FOR DAMAGES:** <br><br> 1. DISCRIMINATION BASED ON RACE IN VIOLATION OF THE UNRUH CIVIL RIGHTS ACT (Cal. Civ. Code §51 *et seq.*) <br> 2. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS <br><br> **JURY TRIAL DEMANDED** |

Plaintiffs Sayom McIntosh and Steve McIntosh (hereinafter "Plaintiffs" or "Ms. McIntosh" or "Mr. McIntosh", respectively) hereby complain against Defendant Marriott International, Inc. and DOEs 1-10 for the following claims and causes of action:

### INTRODUCTION

1. This is an action for damages for Racial Discrimination under the Unruh Civil Rights Act and Intentional Infliction of Emotional Distress.

## THE PARTIES

2. Plaintiff Sayom McIntosh is an Asian American woman, and Plaintiff Steve McIntosh is an African American man. At the time of this complaint, both Mr. and Ms. McIntosh are residents of the State of Washington.

3. Defendant MARRIOTT INTERNATIONAL, INC. (hereinafter "Marriott") is a corporation that does business in the State of California.

4. The RESIDENCE INN SANTA BARBARA GOLETA (hereinafter "Residence Inn") is a hotel owned and operated by Defendant MARRIOTT INTERNATIONAL, INC. The RESIDENCE INN SANTA BARBARA GOLETA is located in Goleta, California in the County of Santa Barbara.

5. Plaintiffs are unaware of the true names and capacities of Defendants, whether individual, corporate, associate, or otherwise, sued herein as, DOES 1 through 10, inclusive, and Plaintiffs therefore sue these Defendants by such fictitious names. Plaintiffs are informed and believe, and based thereon allege, that each of these fictitiously named Defendants is responsible in some manner for the unlawful acts, omissions, occurrences, events, and happenings alleged herein and that Plaintiffs' injuries as alleged herein were proximately caused by such aforementioned Defendants. When Plaintiffs ascertain the true names and capacities of Doe Defendants 1 through 10, Plaintiffs will seek leave of the court to amend this Complaint to set forth the true names and capacities of such Defendants.

6. Plaintiffs are informed and believe, and based thereon allege, that at all times mentioned herein, each of the Defendants was and is the agent, employee, and servant of each other Defendant, and committed the occurrences, unlawful acts, and omissions complained of herein while acting within the scope of such agency, employment and servitude. Moreover, each of the Defendants conspired and acted in concert with one another, and/or agreed to conspire and act in concert with one another to commit the unlawful and unfair acts and/or omissions alleged herein, thus violating Plaintiffs' rights. The acts and/or omissions of Defendants was or is in furtherance of said conspiracy and, thus, attributable to each Defendant.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over all causes of action asserted herein pursuant to the California Constitution, Article VI, §10.

8. The Court has jurisdiction over this action as the acts that form the basis of this action occurred within Santa Barbara County.

9. Venue in this county is proper pursuant to California Code of Civil Procedure ("CCP") §395.

## STATEMENT OF FACTS

10. The Plaintifs incorporate by reference the factual allegations set forth in paragraphs 1 through 9 above.

11. One or about June 27, 2020 at approximately 11:00 a.m., Ms. McIntosh and Mr. McIntosh arrived at the Residence Inn Santa Barbara Goleta (hereinafter referred to as "Residence Inn") to spend the weekend. The Residence Inn Santa Barbara Goleta is a hotel owned and operated by Defendant Marriott. Ms. McIntosh and Mr. McIntosh had reserved a room at the hotel prior to their arrival.

12. When they arrived, the front doors of the hotel were locked, and they had to ring the buzzer to be allowed in. When an employee of the Resident Inn, who they later discovered was the assistant manager of that hotel, arrived approximately five minutes later, he did not immediately let Mr. McIntosh and Ms. McIntosh in. Rather, he asked them their name and if they had a reservation, and then confirmed in the system that they did in fact have a reservation.

13. As they were walking in, a guest at the hotel said to them "he didn't want to let you guys in?" referring to the assistant manager. Mr. McIntosh and Ms. McIntosh witnessed the same assistant manager allowing other guests into the hotel without any questions asked. These guests were non-African American and non-Asian American.

14.      After being allowed into the hotel and checking-in, the couple went up to their room for approximately ten minutes. They then left the hotel to do some shopping and grab

something to eat. While they were at a restaurant, Mr. McIntosh noticed that his arms were itching, and that he had bite marks on his arms.

15. Mr. McIntosh and Ms. McIntosh called the Residence Inn and asked if they allowed pets in the rooms, as Mr. McIntosh had bites on his arms. The assistant manager said they did allow pets in the rooms but said that there had not been any animals in the room they were staying in for over a month. He said they would send someone to check the room. Ms. McIntosh and Mr. McIntosh asked if they could just be switched to another room. The assistant manager indicated that their policy was to send someone to check the room, and that he would call them afterwards.

16. Approximately five hours passed without Mr. McIntosh and Ms. McIntosh receiving a call from the Residence Inn. Ms. McIntosh called the Residence Inn to check-in regarding whether someone had been sent to inspect the room. The person who answered the call stated that they had not heard anything, and then later added that someone would be sent in two hours. They further stated that if they could not wait for someone to be sent to check the room, that they could choose not to stay at the hotel and would not be charged. Mr. McIntosh and Ms. Mcintosh declined, explaining that they had driven down for the weekend.

17. The couple went wine tasting, and then went back to the Residence Inn. Upon returning, Mr. McIntosh asked the assistant manager whether they had completed the inspection and was informed that they had not.

18. Mr. McIntosh explained to the assistant manager that they had been waiting for over five hours for someone to inspect the room and asked to be switched to another room. The assistant manager again stated that that was against their policy, and Mr. McIntosh asked if he could show him this policy. The assistant manager merely shook his head in response and then told him that they had three options.

19. Firstly, the assistant manager said they could wait two hours for the inspection. Secondly, they said the McIntoshes could leave the hotel, and not be charged for their planned stay. Thirdly, the assistant manager told them that they could call the police.

4
COMPLAINT

20. Mr. McIntosh in response said that they wanted to be switched to another room and did not want to leave as all other hotels in the area were either sold out or overpriced. He also told the assistant manager that if he wanted to call the police, they could. The assistant manager then called the police.

21. When the police arrived Mr. McIntosh explained to the officer how they were treated by the Residence Inn, and the officer said they could not do anything to remedy that situation. He told them they could stay in the room they had been assigned, but there was nothing he could do.

22. The assistant manager, who was there when the police arrived, said he thought it would be best if Mr. McIntosh and Ms. McIntosh left. The police officer then said that since the assistant manager did not want them there, that they had to leave.

23. Mr. McIntosh then asked for their hotel voucher to be returned, and the assistant manager refused. Mr. McIntosh renewed his request, explaining that they were not staying at the hotel, so he would please like his voucher returned. The assistant manager then went to make a copy to keep and following this Mr. McIntosh and Ms. McIntosh left the Residence Inn.

24. Ms. McIntosh and Mr. McIntosh were forced to drive down to Los Angeles to find another hotel to stay in. This experience caused both Mr. McIntosh and Ms. McIntosh severe emotional distress. They feel that the Residence Inn treated them in a very demeaning matter, and like they were scum of the earth. Ms. Mcintosh is a registered nurse and has been working long hours during this pandemic. Ms. McIntosh and Mr. McIntosh had planned this weekend trip specifically so she could get some much-needed relaxation and have the opportunity to clear her mind. Instead, her experiences with the Residence Inn left her in tears.

### FIRST CAUSE OF ACTION

### Racial Discrimination—Cal. Civ. Code §§ 51, 52 et seq.
(Against All Defendants)

25. Plaintiffs incorporate by reference the factual allegations set forth in paragraphs 1 through 24 above.

5
COMPLAINT

26. Plaintiff Sayom McIntosh is an Asian American woman, and Plaintiff Steve McIntosh is an African American man.

27. Each and every Defendant, as described herein, was motivated by prejudice against Plaintiffs.

28. Defendants violated Plaintiffs' rights under California Civil Code Section 51.5 by discriminating against Plaintiffs based on their race, which are characteristics protected thereunder by inclusion in Civil Code Section 51(b) and 51(e).

29. As a proximate result of Defendants' wrongful conduct, Plaintiffs suffered damages as set forth elsewhere within this complaint.

30. Defendants' acts alleged herein are malicious, oppressive, despicable, and in the conscious disregard of Plaintiffs' rights. As such, punitive damages are warranted against Defendants in order to punish and make an example of each of them.

## SECOND CAUSE OF ACTION

### Intentional Infliction of Emotional Distress
(Against all Defendants)

31. Plaintiffs incorporate by reference the factual allegations set forth in paragraphs 1 through 30 above.

32. Plaintiffs are informed and believe and thereon allege that Defendants by and through their agents and employees, decided without regard to the health and safety of Plaintiffs, and all and each of them treated Plaintiffs in the deplorable manner alleged herein. That treatment and its surrounding consequences constituted extreme and outrageous conduct by Defendants.

33. Plaintiffs are informed and believe and thereon allege that Defendants, standing in a position of authority over Plaintiffs, acted with deliberation without regard to the health, safety, or well-being of Plaintiffs and caused them severe emotional distress.

34. Plaintiffs are informed and believe and thereon allege that as a proximate result of Defendants' extreme and outrageous acts, Plaintiffs suffered severe emotional distress in the form of humiliation, embarrassment, mental-anguish, anxiety, stress and indignation.

Defendants' acts were done with the willful knowledge that Plaintiffs could suffer severe harm as a result thereof.

35. Plaintiffs are informed and believe and thereon allege that Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiffs' rights. As such, punitive damages are warranted against Defendants in order to punish them and make an example of their actions.

## PRAYER FOR RELIEF

WHEREFORE, The Plaintiffs pray for relief as follows:

1. For punitive damages in amounts according to proof against Defendant and DOEs 1-10;
2. For compensatory, special and general damages in an amount according to proof at trial;
3. For civil penalties, pursuant to statute, restitution, injunctive relief, and reasonable attorney's fees according to proof;
4. For attorney's fees as provided by law;
5. For interest as provided by law;
6. For costs of suit incurred herein; and
7. For such other and further relief as the court deems fair and just.

Dated: June 22, 2021	McCOY LAW FIRM, P.C.

*/s/ Waukeen McCoy*
WAUKEEN Q. McCOY, Esq.
Attorney for Plaintiffs,
Sayom McIntosh and Steve McIntosh

7
COMPLAINT